Docket No. 2024-137

IN THE

# United States Court of Appeals for the Federal Circuit

IN RE DATANET LLC.,

*Petitioner.*

On Petition for Writ of Mandamus
to the United States District Court
for the Western District of Texas
No. 6:22-CV-01142-OLG-DTG,
the Honorable Judge Orlando L. Garcia

## DATANET LLC'S NON-CONFIDENTIAL REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

ALDEN G. HARRIS
HEIM, PAYNE & CHORUSH LLP
609 Main Street, Suite 3200
Houston, Texas 77002
(713) 221-2000
aharris@hpcllp.com

*Counsel for Petitioner*

CONFIDENTIAL MATERIAL REDACTED

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................**I**

**INTRODUCTION** ...........................................................................**1**

**STANDARD OF REVIEW** ..............................................................**2**

**ARGUMENT** .................................................................................**4**

**I.**     **The Relative Ease of Access to Sources of Proof** ..............**4**

    A.     Dropbox has Not Identified any Source of Proof in NDCA.......4

    B.     Dropbox has Not Shown it Sources of Proof are Accessible in NDCA .....................................................................6

    C.     Dropbox Cannot Dispute the Relevance of the Texas Server...10

**II.**     **The Availability of Compulsory Process** ..........................**12**

    A.     Dropbox has not Identified Anyone Subject to Compulsory Process in NDCA ...................................................12

    B.     Dropbox has not Disputed the Relevance of its WDTX Former Employees.................................................................15

**III.**     **The Cost of Attendance for Willing Witnesses** ...............**17**

    A.     Dropbox only identified one allegedly willing witness in NDCA ..................................................................17

    B.     Dropbox Admitted ▮ employees in Texas are Relevant..........18

**CONCLUSION**................................................................................**21**

CONFIDENTIAL MATERIAL OMITTED
The material redacted from this brief is subject to a protective order. The confidential information on pages i, 1-2, 8-9, 14-16, 18-19 relates to business information and employee information, which have been designated as confidential.

# TABLE OF AUTHORITIES

**Cases**

*Alphonse v. Arch Bay Holdings, L.L.C.,*
  618 F. App'x at 765 (5th Cir. 2015) ........................................................4

*Def. Distributed v. Bruck,*
  30 F.4th 414 (5th Cir. 2022) .................................................... 6, 8, 14

*In re Clarke,*
  94 F.4th 502 (5th Cir. 2024) .............................................................1, 2

*In re Google LLC,*
  2021 U.S. App. LEXIS 33789 (Fed. Cir. 2021)....................................8

*In re HP Inc.,*
  826 F. App'x 899 (Fed. Cir. 2020) ....................................................14

*In re Netflix, Inc.,*
  2022 U.S. App. LEXIS 1390 (Fed. Cir. 2022)....................................10

*In re Planned Parenthood,*
  52 F.4th 625 (5th Cir. 2022) ..............................................................11

*In re Rollings,*
  451 F. App'x 340 (5th Cir. 2011) .......................................................21

*In re TikTok, Inc.,*
  85 F.4th 352 (5th Cir. 2023) .................................................... 5, 14, 22

*Moore v. Ford Motor Co.,*
  755 F.3d 802 (5th Cir. 2014) ...............................................................4

**Rules**

Fed. R. Civ. P. 72(a) ........................................................... 2, 4, 16

i

CONFIDENTIAL MATERIAL REDACTED

## INTRODUCTION

Dropbox never mentions its burden of proof to "clearly demonstrate" that NDCA is "clearly more convenient." *Clarke*, 94 F.4th at 508. A "mere preponderance of the evidence is insufficient." *Id.* at n.3.

Dropbox writes as though it had no burden of proof at all and was only required to make allegations. But even if allegations were sufficient, the District Court abused its discretion by finding facts in Dropbox's favor that Dropbox did not even ***allege***:

- Dropbox never alleged that any relevant source of proof is in NDCA, yet the District Court weighed sources of proof in favor of transfer.

- Dropbox never identified a single document custodian in NDCA and has never alleged anyone in NDCA can access its Oregon server (but admitted ▮ employees in WDTX can access it).

- Dropbox admitted its Richardson, Texas server (1) is a physical component of the accused product and (2) stores Dropbox's "relevant documents." Pet. 10-11. The District Court gave it no weight.

CONFIDENTIAL MATERIAL REDACTED

- Dropbox never identified any witness subject to compulsory process in NDCA.

- Dropbox never alleged the former Dropbox employees in WDTX are not relevant.

- Dropbox only identified one allegedly willing witness in NDCA, its declarant.

- Dropbox admitted ▮ willing witnesses in Texas are "relevant for the accused technology" and are members of the "teams that may have relevant knowledge." Pet. 41-42.

- Dropbox has not alleged or shown any specific connection between NDCA and the events that gave rise to this suit.

"Section 1404(a)'s good-cause requirement prohibits a district court from relying on 'conclusory assertions.'" *Clarke*, 94 F.4th at 513. But even if conclusory assertions were good enough, Dropbox still could not carry the day because it failed to even allege facts sufficient to support transfer, let alone prove them.

## STANDARD OF REVIEW

On mandamus review of a district court's reversal of a magistrate judge's nondispositive order under Rule 72(a), "it is the magistrate

judge's findings of fact that are owed deference under the clearly

erroneous standard" and the reviewing district court's "contrary view of

the facts, even if reasonable, is not entitled to deference because

'[w]here there are two permissible views of the evidence, the factfinder's

choice between them cannot be clearly erroneous.'" Pet. 7.

Dropbox does not dispute this correct statement of the law and does

not cite any authority to the contrary. Opp. 4. Nevertheless, Dropbox

repeatedly argues that the District Court, rather than the Magistrate

Judge, should receive deference in this appeal. *See id.* 5 ("the only issue

before this Court is whether the District Court clearly abused its

discretion").

Dropbox fails to recognize that a district court "***must defer***" to a

magistrate judge's nondispositive order "unless the order is clearly

erroneous or contrary to law." *Alphonse*, 618 F. App'x at 768. On appeal,

the Fifth Circuit defers to a magistrate judge's findings of fact under

rule 72(a) and reviews for clear error. *Moore*, 755 F.3d at 807 ("we

cannot conclude that the magistrate judge's finding … is clearly

erroneous."); *id* at 808 ("Although on de novo review a different outcome

may obtain, the magistrate judge's finding … is plausible and

3

supportable by the record and is not clearly erroneous"). The district court is not the factfinder under rule 72(a) and "the district court's review of the magistrate judge's factual findings [is] limited to clear error review." *Id.* at 808.

Dropbox's confusion underscores the need for a writ of mandamus to squarely address the standard of review under Rule 72(a) and clarify that the magistrate judge's factfinding is owed deference.

However, mandamus would still be warranted even if the District Court had never referred this matter to the Magistrate Judge because the District Court's conclusions were not supported by evidence. *TikTok*, 85 F.4th at 360 ("We must credit a district court's reasonable inferences when they are rooted in record evidence. But where, as here, there is nothing in the record supporting its conclusions, we may comfortably say that the court has committed a clear abuse of discretion").

## ARGUMENT

## I.    The Relative Ease of Access to Sources of Proof

### A.    Dropbox has Not Identified any Source of Proof in NDCA

Datanet's petition explained "Dropbox has never alleged (let alone provided evidence) that even a single source of proof is in California." Pet. 14. Dropbox's response brief does not dispute this statement or attempt to refute it. Opp. 5-13. For example, Dropbox has never claimed there is a server in NDCA or that paper documents are located there.

When the movant fails to identify any source of proof in the transferee forum, weighing this factor in favor of transfer is an abuse of discretion because this factor "requires an actual showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist in the prospective forum." *Def. Distributed*, 30 F.4th at 434.

In *Defense Distributed*, the movant submitted a declaration with "conclusory assertions" that sources of proof are in New Jersey and the district court erred by "uncritically accepting" these assertions. *Id.* Here, Dropbox has ***not even asserted*** that any sources of proof are in NDCA. For example, Dropbox's declarant never stated that any source of proof is in NDCA. *See* Appx32-35; Appx347-348.

"Weighing the first factor as 'neutral' in the face of the [movant's] lack of proof and Plaintiffs' proffer abused both logic and the court's

5

discretion." *Def. Distributed*, 30 F.4th at 434. Here, the District Court abused its discretion even more significantly by weighing this factor in favor of transfer, despite no allegation or evidence that any source of proof is in NDCA.

### B.    Dropbox has Not Shown it Sources of Proof are Accessible in NDCA

Because Dropbox cannot identify any source of proof in NDCA, it relies on alleged document custodians there. *See* Opp. 7. Dropbox argues "[c]ritically, the evidence showed 'Dropbox's current employees in San Francisco are those likely to create and maintain relevant documents.'" *Id.*

The evidence did not show this. Dropbox never submitted evidence that anyone in NDCA "creates" or "maintains" any documents. For example, Dropbox's declarations do not state—in conclusory fashion or otherwise—that any documents are created or maintained in NDCA. Appx32-35; Appx347-348. Dropbox cites to its declarant's general statements about Dropbox's hundreds of total employees in NDCA, but Dropbox's declarant never alleges that these people are document custodians or that they create or maintain relevant documents. Opp. 7.

As discussed in Datanet's Petition, the District Court's erroneous conclusion that Dropbox's NDCA employees "are those likely to create and maintain relevant documents" is not based on evidence. Pet. 18. Instead, this is a quote from Dropbox's objections to the Magistrate Judge's Order. Appx475 (citing Appx406). The only "evidence" Dropbox cites in support of this statement is "Dkt. No. 71-2 at 2–3." Appx406. This is a citation to a copy of Dropbox's Reply brief; those pages are found at Appx316-317. The Reply brief, in turn, cites to "Dkt. 29-2 ¶¶ 8-9, 17-18," which is Dropbox's declaration at Appx33-35. Nothing in these paragraphs says that anyone in NDCA is "likely to create and maintain relevant documents." Appx33-35. The declaration says nothing at all about who creates or maintains documents.

Even if Dropbox's unsupported attorney argument was treated as evidence (which it is not), it would still be insufficient. Stating that NDCA employees are "likely to create and maintain relevant documents" cannot carry Dropbox's burden because this factor requires an "actual showing," not "merely an expression that some sources likely exist." *Def. Distributed*, 30 F.4th at 434.

CONFIDENTIAL MATERIAL REDACTED

Because this factor is about the ease of access to sources of proof (not witnesses), document custodians are only relevant to the extent they "may bear on the ease of retrieval" of documents. *See Google*, No. 2021-178, 2021 U.S. App. LEXIS 33789, at *7.

Dropbox has submitted no evidence that anyone in NDCA can retrieve relevant documents. Dropbox has not even alleged that anyone in NDCA can access its source code server in Oregon. Dropbox's declaration says "[a]ny source code made available for inspection will be done so at the secure facility in the Northwest Oregon Area" without mentioning any possibility of retrieving the code in NDCA. Appx34.

Conversely, Dropbox admitted at least ▆ employees in Texas have access to "the parts of the code related to the accused technology." Pet. 13; Appx174. Dropbox admitted an additional ▆ employees in Texas have "access to relevant information pertaining to damages such as marketing, revenue, profits, or cost information for the accused product." Pet. 11-12; Appx190; *see also* Appx190-191 ("Q. So it's fair to say, just to summarize, that the relevant information relating to damages and the relevant information relating to engineering, other technical topics, that can all be accessed by employees in Texas, but in

CONFIDENTIAL MATERIAL REDACTED

terms of where that information is actually stored, you're not sure? A. That's correct."). Datanet has identified ▮ custodians in Texas who "bear on the ease of retrieval" of relevant documents, whereas Dropbox has not even alleged that its relevant documents can be retrieved in NDCA.

Dropbox cites *Netflix* and argues "the location where primary corporate decision making takes place is indicative of the location" of relevant evidence. Opp. 10. This is not what *Netflix* holds. In *Netflix*, the movant's declarant stated "documentation about the research, design, and development," "financial documentation" and "Netflix's source code is located at its headquarters in the Northern District of California." *In re Netflix, Inc.*, 2022 U.S. App. LEXIS 1390, at *8 (Fed. Cir. 2022). Based on these unrebutted statements, "Netflix adequately pointed to ***specific types of evidence in Northern California*** that are likely to be relevant and material to the case." *Id.* (emphasis added).

Here, unlike *Netflix*, Dropbox has not even ***alleged*** that evidence is in Northern California, and certainly has not articulated "specific types of evidence." Dropbox's declarant does not state, even in conclusory fashion, that evidence is kept in NDCA. He testified he was "not sure"

where Dropbox's relevant documents are "actually stored." Appx190-191; *see also* Appx188 ("It's possible that they're stored on a server that's physically located in" Richardson, Texas). *Netflix* does not hold that evidence can be presumed to exist in the transferee forum when the movant does not even allege it is there.

To the extent "decision making authority" is probative under *Netflix*, Datanet has identified two persons with this authority in WDTX and Dropbox has identified zero in NDCA. Pet. 19-20. Dropbox claims it is "patently false" that it has failed to identify California custodians with decision making authority. Opp. 11 n.2. For support, Dropbox cites its declaration at ¶9. Appx33. This paragraph does not mention "decision making authority" or "document custodians." It says in conclusory fashion that "the accused technology in this case was designed and developed" in NDCA, a statement Dropbox's declarant was unable to support or explain. Pet. 13, 20; Appx173.

## C.     Dropbox Cannot Dispute the Relevance of the Texas Server

The Magistrate Judge found the Richardson, Texas server is a relevant source of proof because: (1) "that datacenter is physical

evidence of infringement," and (2) "documents for trial may be stored at that datacenter." Appx353.

Dropbox does not dispute either of these findings of fact. Opp. 9. Dropbox cannot dispute them because it has admitted both are true. Dropbox admits the Richardson datacenter is a "component of the Accused Product" and provides "the services that have been accused of infringement in this case." Pet. 10, 15; Appx187; Appx260; Appx262. This means the Richardson datacenter is physical evidence of infringement; it "bears much more strongly on the transfer analysis" because "the evidence is physical in nature." *Planned Parenthood,* 52 F.4th at 630. Dropbox also admits that "relevant documents like technical documents, sales and marketing documents" may be stored on the Richardson, Texas server. Pet. 10, 15; Appx188. Dropbox has not identified any server in California that stores relevant documents.

Rather than address the Magistrate Judge's findings of fact, Dropbox raises a red herring. Dropbox argues the Magistrate Judge "conflat[ed] evidence of source code stored on a server located in Oregon with evidence of customer data stored in a datacenter in Richardson, Texas." Opp. 9. This is not correct. The Magistrate Judge's Order does not say

the Richardson datacenter stores "source code" and never mentions "customer data" at all. Appx353-355. The Magistrate Judge found the Richardson, Texas datacenter is relevant because it is physical evidence of infringement and it stores Dropbox's relevant documents. Appx353. The Magistrate Judge's reasoning had nothing to do with "source code" or "customer data."  Dropbox fails to identify any error in the Magistrate Judge's conclusion that the Richardson datacenter is relevant.

## II.   The Availability of Compulsory Process

### A.   Dropbox has not Identified Anyone Subject to Compulsory Process in NDCA

Dropbox argues "the **only** 'potential third-party witnesses … would be former Dropbox employees who previously worked on or had decision making responsibilities for the File Sync sub-team." Opp. 13-14. This statement is not supported by evidence.

Dropbox has never identified any former member of the File Sync sub-team, has not said how many former members (if any) are in NDCA, could not explain why the File Sync sub-team is relevant, and could not identify any evidence supporting its relevance. Pet. 17-18; Appx179-181. Dropbox said it does not know who originally designed or

developed the accused product or where those people live today. Pet. 13; Appx173. In fact, Dropbox testified it could not identify **any** unwilling witnesses at all. Pet. 23; Appx207.

Dropbox also admitted former members of the File Sync sub-team "should not have any confidential information related to the accused technology, and similarly, any knowledge that is required for design and development and maintenance of the accused technology would be with current Dropbox employees." Appx185.

Dropbox cannot prevail on this factor because it has not identified any relevant witness subject to compulsory process in NDCA. *Def. Distributed*, 30 F.4th at 434 ("Neither the [movant] nor the district court identified any witness who is subject to compulsory process in New Jersey but not in Texas. Yet the court inexplicably weighed this factor not as neutral but in favor of transfer."). Dropbox cannot rely on its "general presence" in NDCA to meet this burden. *TikTok*, 85 F.4th at 359.

Dropbox argues "specificity of individuals is not required" citing *In re HP Inc.*, 826 F. App'x 899, 903 (Fed. Cir. 2020). In that case, the movant established that two third party companies were relevant

13

CONFIDENTIAL MATERIAL REDACTED

because they "sold and purchased lenses covered by the patents prior to the critical date." *Id.* at 902. Because the movant proved these third parties have relevant employees in the transferee forum, there was "no basis to discount these entities just because individual employees were not identified." *Id.* at 903.

Unlike the movant in *HP*, Dropbox did not submit evidence that any relevant third-party witnesses are in NDCA. Dropbox did not necessarily need to name individual witnesses, but it needed to prove, by more than a preponderance of the evidence, that a greater number of relevant third-party witnesses are located in NDCA. Dropbox did not come close to doing this. As discussed above, Dropbox has never said how many relevant former employees are in NDCA, could not explain why the File Sync sub-team is relevant, and admitted that former members of the File Sync sub-team do not possess relevant information. This contrasts starkly with *HP*, where the movant submitted unrebutted evidence that relevant third parties were in NDCA.

Despite Dropbox's failure of proof, the Magistrate Judge did not "discount" Dropbox's unnamed former NDCA employees, but rather gave them the same amount of weight as Dropbox's ▮Number▮ relevant former

CONFIDENTIAL MATERIAL REDACTED

employees in WDTX. Pet. 24; Appx359. This also contrasts with *HP*, where the district court gave no weight to unnamed third parties.

### B.    Dropbox has not Disputed the Relevance of its WDTX Former Employees

Datanet identified ▮Number▮ former Dropbox employees who were members of relevant teams, reside within 100 miles of Waco, and were employed by Dropbox in the six years preceding the complaint. Pet. 23. Dropbox conceded these people were members of relevant teams and several of them had access to accused product source code. Pet. 24, 28-29.

Dropbox has never even alleged that these ▮Number▮ people are not relevant. Dropbox stated in its reply brief that these "▮Number▮ former employees within 100 miles of Waco … cannot outweigh Dropbox's order of magnitude larger presence in the NDCA" but never argued that the ▮Number▮ witnesses are not relevant or should not be given weight. Appx318. Similarly, Dropbox's never objected to the Magistrate Judge's conclusion that these ▮Number▮ former employees in WDTX weighed against transfer; Dropbox just argued that more weight should have been given to its alleged "many thousands of former Dropbox employees" in NDCA.

Appx400. Dropbox's appeal brief never denies these ██ former

employees are relevant. Opp. 15.

Dropbox also never denied the relevance of M. ██ and A.

██ . The Magistrate judge found these two former employees in

WDTX had "leading roles at the company," are "highly probative," and

"appear necessary to the case and do not have any equivalents in

NDCA." Appx359. This was supported by Dropbox's admissions. Pet. 25.

Dropbox never argued in its objections to the Magistrate Judge's

order that M. ██ and A. ██ are not relevant, and Dropbox

submitted no evidence rebutting their relevance. Appx317-318;

Appx400; Appx411; Appx439. Dropbox admits in its appeal brief that it

"made no attempt to argue that [the two former employees] are not

relevant," but "even if so, the District Court's decision to give little

weight to those two former employees is not a clear abuse of discretion."

Opp. 15-16.

Dropbox is incorrect. Under Rule 72(a) the District Court "may not

assign as error a defect in the [Magistrate Judge's] order not timely

objected to." Fed. R. Civ. P. 72(a). The rule does not permit the District

Court to reverse unobjected to findings of fact. Moreover, it defies logic

to hold a finding is "clearly erroneous" where the movant, who bears the burden of proof, has not attempted to rebut it with evidence. The District Court clearly abused its discretion by discounting these relevant Texas witnesses subject to compulsory process.

### III.    The Cost of Attendance for Willing Witnesses

#### A.    Dropbox only identified one allegedly willing witness in NDCA

The only willing witness Dropbox identified in NDCA is its declarant Byron Hill. Pet. 32. Dropbox argues it "established that it has **_approximately_** 35 current employees assigned to the teams most relevant to the issues in this case, and the **_majority_** are based in San Francisco." Opp. 19 (emphasis added).

Dropbox is careful never to say it actually has 35 relevant employees in NDCA, hedging with "approximately" and "majority." Dropbox never identified or described any of these people. They are allegedly members of the File Sync sub-team, a team whose relevance Dropbox's declarant could not support or explain. Pet. 17-18; Appx179-181.

Nevertheless, even if Dropbox's allegations are taken as true, there are fewer than 35 willing witnesses in NDCA. Giving Dropbox the benefit of the doubt, the Magistrate Judge gave weight to these

unidentified witnesses. Pet. 33; Appx363. But there is a greater number

of willing witnesses in WDTX, at least ▮, who Dropbox admits are

relevant.

### B. Dropbox Admitted ▮ employees in Texas are Relevant

Dropbox argues the Magistrate Judge "improperly credited Datanet's

argument that ▮ Dropbox employees working remotely in Texas were

'relevant to the accused technology'" and are members of relevant

teams. Opp. 22. But Dropbox's venue declarant admitted this is true:

"[Appx266-270] is a list, is a complete list of employees in Texas that

are relevant for the – for the accused technology and based on the teams

that the investigation identified as teams that may have relevant

knowledge." Pet. 41; Appx171. In deposition testimony and

interrogatory responses, Dropbox consistently confirmed these ▮

willing witnesses have relevant knowledge, are members of relevant

teams, and have access to relevant information. Pet. 33, 37, 41.

Dropbox has no evidence that its ▮ WDTX willing witnesses are not

relevant. Dropbox merely argues "these employees *do not* have

decisionmaking authority." Opp. 22. This statement is directly

contradicted by Dropbox's admission that "Texas-based employee, [D.]

CONFIDENTIAL MATERIAL REDACTED

[Name], Head of Channel Sales, has decision-making responsibility."
Opp. 36; Appx245. Dropbox also admitted D. [Name] in Austin, Texas,
had decision-making authority for "sales and marketing for the accused
products." Opp. 36; Appx185. Dropbox identified zero employees in
NDCA with decision-making authority. Opp. 36.

Dropbox also argues these [Number] Texas employees were not involved in
"the creation or implementation of the accused product's technical
aspects." Opp. 22. But Dropbox does not know who was involved in the
creation and implementation of the accused product and did not
investigate where any of those people live. Pet. 13, 20; Appx173.

Finally, Dropbox argues the "Platform" and "Dropbox Core" teams
are not as relevant as the File Sync team, but Dropbox admitted these
two teams are among the "most relevant" teams. Pet. 37; Appx259;
Appx277. Dropbox also admitted that each of its [Number] relevant Texas
employees are "on the teams that the investigation identified as teams
that may have relevant knowledge." Pet. 41; Appx171.

The District Court clearly abused its discretion by not giving
weight to these [Number] WDTX employees Dropbox has repeatedly admitted
are relevant.

## IV.  Local Interest

### A.     Dropbox has not Shown a Connection Between NDCA and the Events that Gave Rise to this Suit

Dropbox argues "Datanet misled the Magistrate Judge into believing 'Dropbox did not investigate whether the people who developed the Accused Products reside in Texas.'" Opp. 27. There is nothing misleading about this. It comes directly from Dropbox's testimony. Appx173 ("Q. Do you know whether any of the people who originally developed the technology reside in Texas? A. I don't know. … Q. Did Dropbox try to investigate where any of the people who developed the technology live today? A. I'm not aware."). This was not the result of the "witness's inability to recall certain specifics." Opp. 28. Dropbox has never submitted any evidence, in any form, about where the people who designed and developed the accused technology live today or whether any are in Texas.

The Magistrate Judge concluded the "significant discrepancy between the written declaration and the sworn testimony raises serious credibility issues, and as such is given little weight." Appx366. A finding based on credibility "if not internally inconsistent, can virtually never be clear error." *Rollings*, 451 F. App'x at 349.

Dropbox argues the Magistrate Judge erred by giving weight to "relevant design and development activities … ongoing in WDTX." Opp. 26. Dropbox claims "this is not the appropriate inquiry" but cites no authority for this other than the District Court's Order. *Id.* It was not clear error for the Magistrate Judge to give weight to ongoing design and development activities in WDTX.

Dropbox tries to bolster the District Court by citing evidence of Dropbox's general presence in NDCA. Opp. 24-25. However, this factor does not give weight to "the parties' significant connections to each forum" in general, so evidence of general presence is irrelevant. *See TikTok*, 85 F.4th at 364.

## CONCLUSION

If Dropbox had evidence that relevant sources of proof are in NDCA, it could have come forward with this evidence, but did not. If Dropbox had evidence that relevant witnesses are in NDCA, it could have come forward with this evidence, but did not. The Magistrate Judge found this conduct "inconsistent with Dropbox's burden of proof." Appx364. Because the Magistrate Judge did not clearly err, the District Court's reversal was an abuse of discretion.

Respectfully submitted,

/s/ Alden G. Harris

ALDEN G. HARRIS

HEIM, PAYNE & CHORUSH LLP

609 Main Street, Suite 3200

Houston, Texas 77002

(713) 221-2000

aharris@hpcllp.com

*Counsel for Petitioner*

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  24-137

**Short Case Caption:**  In re: DATANET LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 3,897 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 07/15/2024

Signature:  /s/ Alden G. Harris

Name:  Alden G. Harris

Save for Filing

**FORM 31. Certificate of Confidential Material**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF CONFIDENTIAL MATERIAL</u>

**Case Number:** 24-137

**Short Case Caption:** In re: DATANET LLC

---

**Instructions:** When computing a confidential word count, Fed. Cir. R. 25.1(d)(1)(C) applies the following exclusions:

- Only count each unique word or number once (repeated uses of the same word do not count more than once).

- For a responsive filing, do not count words marked confidential for the first time in the preceding filing.

The limitations of Fed. Cir. R. 25.1(d)(1) do not apply to appendices; attachments; exhibits; and addenda.  *See* Fed. Cir. R. 25.1(d)(1)(D).

---

The foregoing document contains ___9___ number of unique words (including numbers) marked confidential.

☑ This number does not exceed the maximum of 15 words permitted by Fed. Cir. R. 25.1(d)(1)(A).

☐ This number does not exceed the maximum of 50 words permitted by Fed. Cir. R. 25.1(d)(1)(B) for cases under 19 U.S.C. § 1516a or 28 U.S.C. § 1491(b).

☐ This number exceeds the maximum permitted by Federal Circuit Rule 25.1(d)(1), and the filing is accompanied by a motion to waive the confidentiality requirements.

Date: 07/15/2024

Signature: /s/Alden G. Harris

Name: Alden G. Harris